Berry *v.* Arthur.

---

ABRAHAM I. BERRY v. JAMES ARTHUR.

If an insolvent debtor intentionally, or fraudulently, omits to give notice to any one or more of his creditors, residing in this state, he has not in all things complied with the requirements of the act. Proof of such notice is preliminary, and indispensable and lies at the foundation of the proceeding.

The creditor is not bound to confine his evidence exclusively to the enquiry, whether the debtor was really insolvent, and whether he had fairly surrendered all his property to the use of his creditors, but he may enquire, whether the debtor has in every other particular conformed to the requirements and provisions of the act.

An insolvent debtor is not called upon to make his assignment, until his title to a discharge, so far as respects his own acts, is settled.

This was a certiorari directed to the court of Common Pleas

of the county of Bergen, to bring up to this court the judgment and proceedings in a matter of insolvency. Several reasons for reversal were assigned.

*Zabriskie*, for plaintiff in certiorari.

HORNBLOWER, C. J. It appears by the amended return to the certiorari in this cause, that on the trial of the issue joined between the insolvent, who is the defendant in certiorari, and Abraham I. Berry, who was the opposing creditor, and is the plaintiff in certiorari, in the first place ; that the creditor offered to prove that Arthur, the insolvent, had other creditors to a large amount, besides those mentioned in the schedule filed with his petition in this case ; and that the court overruled the evidence, as irrelevant to the issue.

In this, I think, the court were right, admitting the issue to be as the plaintiff in certiorari contends, and as it no doubt is, " that the debtor has in all things complied with the requirements of the act." Let us see what the act requires in this particular. By the first section, *Rev. Laws* 217, the petitioner is required to present, together with his petition, " a list of all his creditors with the money due and owing to each of them *to the best of his knowledge.*" The qualifying influence of the words, " according to the best of his knowledge," cannot by any just rule of construction be confined in their application, to the amount of his debts ; but must be extended, to the list of his creditors. The list of creditors, and the sums due to them, are coupled together by the word " with, " and both subject to the reasonable qualification, " according to the best of his knowledge." The evidence offered therefore to prove that the insolvent had other creditors, did not negative the issue on his part or go to shew that he had not complied with the requirement of the statute in this particular, by presenting a true list of his creditors, " according to the best of his knowledge,"—secondly, that the opposing creditor offered to prove that no notice of the hearing, had been served on some of the insolvent's creditors resident in this state ; which evidence, the court also rejected.

In this I think the court below was wrong. In the case of *Smick* v. *Opdycke*, 7 *Halst. R.* 347, it was fully, and I think most correctly determined by this court, that the enquiry on the trial of the issue, is not restricted to the truth, honesty and fair-

ness, or otherwise, of the surrender and disclosure of the insol-
vent's estate, but extends to the question whether he has in every
other particular conformed to the requirements and provisions of
the act. By the second section of the act, it is directed that the
debtor shall cause notice in writing, at least thirty days previ-
ous to the day appointed for its hearing, " to be served on or
left at the usual place of residence, of each of his creditors, if
residing within the state ; " and in this provision there is no
reference to the knowledge or belief of the debtor, nor any allow-
ance made for failure of memory.  Proof of such notice is pre-
liminary and indispensable ; it lies at the foundation of the pro-
ceeding ; and if the debtor has intentionally or fraudulently
omitted to give such notice to any one or more of his creditors
residing in this state, he has not " in all things complied with
the requirements of the act." I can scarcely conceive of any-
thing more material and relevant, on the trial, than the enquiry
whether such notices have been given—there doubtless were other
matters more important to be enquired into, but none more di-
rectly within the issue.  I do not mean to say that the acciden-
tal omission to give notice to one or to two or to any specific
number of creditors would be fatal to the insolvent's discharge.
Such omission may be accounted for in a manner to repel the
idea of a fraudulent intention on the part of the insolvent ; but
without giving any opinion on that point, I am clearly of opinion
the evidence was admissible.  It follows of course, from what
has been said, that when the court below ; (as it appears they
did by the amended return) ordered the creditor to confine his
evidence exclusively to the enquiry, whether the debtor was re-
ally insolvent, and whether he had fairly surrendered all his
property to the use of his creditors, they committed an error.
It is unnecessary, therefore, to examine the other reasons assign-
ed for a reversal.  The judgment founded on the verdict, in
my opinion, ought to be reversed.

DRAKE, J. It appears, by the amended return sent up in this
case, that on the trial of the issue joined, before the Court of
Common Pleas, the opposing creditor offered to prove, that the
insolvent had other creditors, to a large amount, not named in
his schedule ; and that no notices had been served on several of
his creditors, residing in this state. The court overruled the testi-

Berry *v.* Arthur.

mony, and directed the creditor to confine his evidence solely to the points, whether the petitioner was really insolvent, and whether he had fairly surrendered all his property to his creditors.

This general direction is opposed to the decision of this court in the case of *Smick* v. *Opdyke*, 7 *Halst.* 349. And besides the error in this particular, the evidence, which was overruled, ought to have been admitted, as operating upon the question of the full compliance of the debtor with the requisitions of the insolvent laws. A failure to notify such creditors as were named on the list of creditors, would be clearly a non-compliance, but even if not named, as was probably the fact in this case, the issue is broad enough to embrace the enquiry, whether the list was made out according *to the best of his knowledge*. The jury have a right to judge of that matter. And although the omission to place upon the list, and to notify a single creditor, or more, provided it was by forgetfulness, or mistake, should not defeat the application; yet, the omission of several, and to a large amount, would be evidence to a jury of designed and fraudulent omission; which ought not to be countenanced, and should deprive the debtor so conducting of their verdict.

Another objection taken to this proceeding is, that no assignment was made by the debtor, before the trial and verdict. This should be done, either on the day of the hearing before the court, and at the time that the creditor makes his undertaking, and of course before the declaration is filed, or issue joined; or it should be the last thing to be done, before the judgment of discharge. The language of the act appears to me rather to favor the first view. But it is not so explicit as to be decisive. The usual practice is the other way, and I think convenience favors it. It appears to me, that the debtor should not be called upon to make his assignment, until his title to a discharge, so far as respects his own acts, is settled. And therefore, if this were the only objection, I should be unwilling to reverse. But upon the first point, I concur in reversing the judgment.

Ford, J. concurred in reversing the judgment.

Cited in *Hogan* v. *Hutton, Spencer,* 84.